### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| **THERESA HART** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 07-0755** |
| **v.** | ) | **RJL** |
| | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| **Defendant.** | ) | |

---

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Theresa Hart hereby respectfully moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment. In support of her Motion, Ms. Hart submits the attached Memorandum.

For the reasons stated in the attached Memorandum, the Plaintiff respectfully requests that this Court grant her summary judgment on her claim and order the Defendant immediately to convene a multidisciplinary team meeting, and at that meeting to develop an appropriate compensatory education plan to compensate E.H. for the failure of the District of Columbia Public Schools timely to review the April 3, 2006 speech and language evaluation of E.H. and to revise E.H.'s individualized education program in accordance with the findings and recommendations of that evaluation.

Respectfully submitted,

/s/Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                      )
**THERESA HART**                      )
                    **Plaintiff,**    )
                                      )    **Civil Action No. 07-0755**
**v.**                                )    **RJL**
                                      )
                                      )
**DISTRICT OF COLUMBIA**              )
                    **Defendant.**    )
_____)

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, Theresa Hart, brought this case on behalf of her minor son L.C.

under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et

seq., following an administrative hearing of these same claims. The Hearing Officer

denied her any relief and dismissed her case.

Ms. Hart seeks an order from this Court enjoining the Defendant immediately to

convene a multidisciplinary team ("MDT") meeting, and at that meeting to develop an

appropriate compensatory education plan to compensate E.H. for the failure of the

District of Columbia Public Schools ("DCPS") timely to review an April 3, 2006 speech

and language evaluation and to update E.H.'s individualized education program ("IEP")

in accordance with the findings and recommendations of that evaluation.

**BACKGROUND**

Ms. Hart's son E.H. is a twelve-year-old boy who has been determined qualified

for special education as a child with a specific learning disability and a speech and

language impairment. R. at 21. E.H. has been placed in a full-time special education

1

placement to accommodate his disabilities, and he currently attends Rock Creek Academy ("RCA"). Answer ¶ 7; R. at 3, 21.

Prior to November 14, 2006, E.H.'s individualized education program ("IEP") classified E.H. as learning disabled only, and prescribed one hour per week of speech and language therapy in addition to specialized instruction. Exhibit 1.

RCA completed a speech and language evaluation of E.H. on April 3, 2006. Answer ¶ 8; R. at 72. Neither DCPS nor RCA convened a meeting to review the April 3, 2006 speech and language evaluation until November 14, 2006. R. at 68, 82. RCA convened a multidisciplinary team ("MDT") meeting on November 14, 2006; no DCPS representative attended, though DCPS had been invited to the meeting. Id.; Answer ¶ 10-11.

At the November 14, 2006 MDT meeting, the team reviewed the April 3, 2006 speech and language evaluation, and on the basis of that review determined that several revisions to E.H.'s IEP were warranted. Answer ¶ 12; R. at 68. The team revised E.H.'s disability classification to include speech and language impairment. Answer ¶ 12; compare R. at 53 with Exhibit 1; see also R. at 82-83. The team increased E.H.'s prescribed speech and language therapy from sixty to ninety minutes per week. Answer ¶ 12; R. at 68, 82-83. The team revised E.H.'s speech and language goals and objectives to address the deficits identified in the April 3, 2007 evaluation. Compare Exhibit 1 at 7 with R. at 61; see R. at 68 ("The goals that were written is (sic) directly toward his needs.").

At the November 14, 2006 MDT meeting, the Plaintiff requested that DCPS provide compensatory education to compensate E.H. for DCPS' failure timely to review

the April 3, 2006 speech and language evaluation and timely to revise E.H.'s IEP accordingly. See id. Because no DCPS representative had attended the meeting, the team at RCA declined to commit DCPS to providing compensatory education. See id.

The Plaintiff filed an IDEA due process complaint on November 16, 2006, alleging, inter alia, DCPS' "[f]ailure to timely review current evaluations in all areas of suspected disability" and "[f]ailure to timely develop an appropriate individualized education plan." R. at 91. The Plaintiff requested as relief, inter alia, that DCPS be ordered "to immediately convene an MDT meeting to develop an appropriate compensatory education plan to compensate [E.H.] for missed speech and language therapy from April 3, 2006 to November 14, 2006." R. at 92.

DCPS filed a Response to the due process complaint on December 1, 2006. In the Response, DCPS "agree[d] that there was a failure to timely review the current evaluations[.]" R. at 82. DCPS acknowledged that as a result of the review of the speech and language evaluation, "an IEP was revised increasing the number of speech hours" and "[t]he classification of the student's disability changed as well[.]" R. at 82-83.

The due process complaint was heard on January 18, 2007. R. at 1. At the Hearing Officer's request, the Plaintiff filed a supplemental memorandum on January 19, 2007, regarding issues irrelevant to the Plaintiff's arguments before this Court. R. at 15-17. On January 25, 2007, the Hearing Officer issued the hearing officer's determination ("HOD"). R. at 1-6.

In the HOD, the Hearing Officer dismissed the due process complaint. R. at 5. In the HOD, the Hearing Officer specifically addressed some of the Plaintiff's claims, but

3

did not address the Plaintiff's claims that DCPS had failed timely to review the speech and language evaluation and to revise the IEP accordingly. R. at 1-5.

On February 7, 2007, the Plaintiff filed a motion for reconsideration of the HOD.[1] R. at 7-13. In the motion, the Plaintiff pointed out that the Hearing Officer had not resolved her claims regarding the late review of the evaluation, and argued for resolution of those claims in her favor. See R. at 8-12. No order was ever issued on the motion.

The Plaintiff has brought her present Complaint before this Court to obtain a judgment ordering the Defendant (through its agency DCPS) immediately to convene an MDT meeting, and at that meeting to develop an appropriate compensatory education plan to compensate E.H. for DCPS' failure to review the April 3, 2006 speech and language evaluation, and to revise E.H.'s IEP accordingly, until November 14, 2006. The Plaintiff has attempted to settle this matter with the Defendant out of court, with no success.

## STATUTORY FRAMEWORK

The IDEA, 20 U.S.C. § 1400, et seq., guarantees "that all children with disabilities have available to them free appropriate public education [FAPE] that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A); 34 C.F.R. § 300.300.

"The primary vehicle for implementing these congressional goals is the [IEP]…Prepared at meetings between a representative of the local school district, the child's teacher, the parents or guardians, and, whenever appropriate, the disabled child, the IEP sets out the child's present educational performance, establishes annual and

---

[1] Contrary to the stamp on the file copy, the fax line indicates that the motion was filed the afternoon of February 7, 2007; the motion was timely regardless.

short-term objectives for improvements in that performance, and describes the specially

designed instruction and services that will enable the child to meet those objectives."

Honig v. Doe, 484 U.S. 305, 311 (1988).

Students' abilities must be assessed and evaluated before they can be found

eligible to receive specialized instruction. See 20 U.S.C. § 1414(b)(4). Therefore, each

local educational agency ("LEA") must ensure that "[t]he child is assessed in all areas of

suspected disability." 20 U.S.C. § 1414(b)(3)(B); 34 C.F.R. § 300.304(c)(4). The LEA

must base a child's IEP on the most recent evaluations. 20 U.S.C. § 1414(d)(3)(A)(iii).

Congress has also afforded parents several procedural safeguards. See 20 U.S.C. §

1415. Among them are the right to an administrative "due process hearing," and the right

of "[a]ny party aggrieved by the findings and decision" at a due process hearing "to bring

a civil action with respect to the complaint presented...in a district court of the United

States without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A).

## SUMMARY JUDGMENT STANDARD

In general, summary judgment is appropriate when the record as a whole shows

that "there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(c).

When considering a motion for summary judgment, a trial court must draw all

justifiable inferences in the non-moving party's favor, but the non-moving party may not

rely on mere conclusory allegations, and "must present significant probative evidence

tending to support" its position. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249

(1986). In a summary judgment motion, "the burden on the moving party may be

discharged by 'showing' - that is, pointing out to the district court - that there is an

absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).

Unlike typical judicial review of administrative action, in suits filed under the IDEA following an administrative hearing, the court bases its decision on the preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(B)(iii). "The district court's standard of review under the IDEA is less deferential than that applied under the traditional substantial evidence test used in ordinary administrative review cases." <u>Scorah v. District of Columbia</u>, 322 F. Supp. 12, 16 (D.D.C. 2004) (citing <u>Kerkam v. McKenzie</u>, 862 F.2d 884, 887 (D.C. Cir. 1988) and <u>Kroot v. D.C.</u>, 800 F. Supp. 976, 981 (D.C.C. 1992)). Still, the Plaintiff must persuade the court that the hearing officer was wrong, and the court must explain its basis for ruling against the hearing officer. <u>See</u> <u>Kerkam v. McKenzie</u>, 862 F.2d 884, 887 (D.C. Cir. 1988).

## ARGUMENT

### I.     THE HEARING OFFICER ERRED IN FAILING TO ADDRESS THE PLAINTIFF'S CLAIM THAT DCPS HAD FAILED TIMELY TO REVIEW THE EVALUATION AND TO REVISE THE IEP ACCORDINGLY

In her due process complaint and at the hearing, the Plaintiff clearly stated her claim that DCPS had failed timely to review the speech and language evaluation and to revise the IEP accordingly, and requested related relief. <u>See</u> R. at 91-92; Tr. at 24-27. In its Response to the due process complaint, DCPS conceded that claim, and offered no defense for its failure. <u>See</u> R. at 82-83 ("DCPS agrees that there was a failure to timely review the current evaluations[.]").

Nonetheless, the Hearing Officer inexplicably declined to address that claim at all in the HOD.[2] R. at 1-6. In an effort to avoid cumbersome court review, the Plaintiff pointed out the Hearing Officer's oversight in her administrative motion for reconsideration, but the Hearing Officer ignored that motion entirely. See R. at 8-12.

"[A] decision without reasoned and specific conclusions deserves little deference." Petway v. District of Columbia, 2005 U.S. Dist. LEXIS 36226 at 22-23 (D.D.C. 2005); citing Reid v. District of Columbia, 401 F.3d 516, 521 (D.C. Cir. 2005) and Lyons v. Smith, 829 F. Supp. 414, 418 (D.D.C. 1993). As in Petway, here the HOD contained no discussion of an issue identified in the due process complaint, that is, DCPS' failure to review the speech and language evaluation and to revise the IEP accordingly, before November 14, 2006. See 2005 U.S. Dist. LEXIS 36226 at 21-22.

Accordingly, the Court should find that the hearing officer erred and overturn the HOD.

## II.    DCPS FAILED TIMELY TO REVIEW THE SPEECH AND LANGUAGE EVALUATION

As noted, DCPS has already conceded that it failed timely to review the speech and language evaluation. See R. at 82 ("DCPS agrees that there was a failure to timely review the current evaluations[.]"). The evaluation was completed on April 3, 2006, but its findings and recommendations were not incorporated into the IEP for more than seven months. R. at 68, 72. At the adminstrative level, DCPS offered no explanation or defense for that failure.

---

[2] The Hearing Officer's failure to address a claim does not inhibit the Court's jurisdiction. "A party is considered 'aggrieved' under the Act where relief requested in satisfaction of the Act is denied." Diatta v. District of Columbia, 319 F. Supp.2d 57, 63 (D.D.C. 2004)."

7

In providing FAPE to a child with a disability, the LEA must base a child's IEP on the most recent evaluations. 20 U.S.C. § 1414(d)(3)(A)(iii). In this case, DCPS failed for several months to base E.H.'s IEP on his most recent evaluations, as DCPS has already admitted.

## III.    DCPS' FAILURE TO REVIEW THE EVALUATION RESULTED IN THE DENIAL OF FAPE

Because the MDT eventually reviewed the speech and language evaluation, the record clearly shows the impact of DCPS' failure to review the evaluation over the preceding months on E.H.'s education. The record clearly establishes that during the time that the evaluation was not reviewed, E.H. did not receive all necessary speech and language therapy, and the techniques and approaches employed in the therapy he did receive were not properly attuned to his needs.

As DCPS has acknowledged, as a result of the review of the speech and language evaluation, the MDT changed E.H.'s disability classification and increased his speech and language therapy hours. See R. at 68, 82-83; Exhibit 1. In addition to increasing the therapy hours, the team completely revised the manner in which the speech and language therapy is provided to E.H., overhauling the therapy goals and objectives to point them "directly to his needs" as identified in the speech and language evaluation. R. at 68; compare Exhibit 1 at 7 with R. at 61.

Because the IEP is the "primary vehicle" in the provision of FAPE, DCPS's failure to make these necessary and substantial changes to the IEP constituted a denial of FAPE. Honig, 484 U.S. at 311; see Board of Ed. of Hendrick Hudson Central School Dist., Westchester Cty. v. Rowley, 458 U.S. 176, 203-04 (1982) (FAPE must "comport

with the child's IEP"). DCPS' failure to review the evaluation, and to change the IEP accordingly, therefore caused a denial of FAPE to E.H. for those several months.

## CONCLUSION

For the reasons stated above, the court should grant the Plaintiff summary judgment on all of her claims, and order the relief requested in her Motion.

Respectfully submitted,

/s/Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com

DRAFT

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.
INDIVIDUALIZED EDUCATIONAL PROGRAM

DCPS - IEP Page 1 of 4

**Additional Comments:**

## I. IDENTIFICATION INFORMATION

Student Name: Last **HART**   First **ERNEST**   I I

Student ID **9074804**   Soc. Sec. No. **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**   Age: **9**   Grade **03**

Gender ☒ M ☐ F   Date of Birth **10/03/1995**   Ethnic Group **B**

Address   **1821**   **'L' st.,**
House No.   Street Name   NE #2
Quadrant / Apartment #
**Washington**   **DC**   **20002**
City   State   Zip Code

☐ Non-attending

Attending School **Young Elementary**   Home School _____

☒ Elem. ☐ Mid/JHS ☐ SHS ☐ CWS /

Parent   **Ms. Theresa Hart**

Address as of (if different from student):   ☒ Parent ☐ Guardian ☐ Surrogate

House No.   Street Name   Quad   Apt. No.   City   State   Zip Code

Telephone: Home **2/346.34 95**   Work _____

## II. CURRENT INFORMATION

Date of IEP Meeting:   **11/23/2004**

Date of Last IEP Meeting:   **n/a**

Date of Most Recent Eligibility Decision:   **11/23/04**

Purpose of IEP Conference:
☒ Initial IEP   ☐ Review of IEP
☐ Requested Eval.   ☐ 3yr ReEval.

Indicate Level of Standardized Assessment:

**ADDENDA TO BE ATTACHED AS NEEDED**
Check the appropriate box(es)

| BEHAVIOR | TRANSPORTATION |
| ESY | TRANSITION |

| III. LANGUAGE | Language | Language Used for Evaluation | Language Used in Conference | Communication Requirements | To be completed by Office of Bilingual Education English and Math Proficiency Assessment |
|---|---|---|---|---|---|
| Student | English | English | English | Native Language | Oral |
| Parent | English | English | English | Native Language | Rdg./ Written |
| Home | English | English | English | Native Language | Instrument: |
| | | | | | Date: |

## IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | SETTING Genl Ed SpEd Total | FREQUENCY Hr / Min DY/WM. | | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # wks./mos |
|---|---|---|---|---|---|---|
| Specialized Instruction | 15 15 | hrs | Week | Special Education Teacher | 11/24/2004 | 10 M |
| Speech | 1 | hr | W | Speech/lang | 11/24/2004 | 10 M |
| Psychological Svcs | .5 .5 | hr | W | Social Worker | 11/24/2004 | 10 M |
| | 0.00 | | | | | |
| | 0.00 | | | | | |
| | 0.00 | | | | | |
| | 0.00 | | | | | |
| TOTAL | 0.00 16.5 16.5 | Hours Per Week | | | | |

## V. Disability(ies) *Learning Disabled*

Percent of time in Specialized Instruction and Related Services   ☐ 0-20% ☐ 21-60% ☐ 61-100%

☐ (Check if setting is general Ed.)   Percent of time NOT in a General Education Setting

## VI. IEP TEAM (Participants in the development of the IEP)

Print and sign your name below.

Theresa Hart
Parent

Dexter Brown
Special Ed Teacher

M. Turner
General Ed Teacher

Savetria Francis
LEA Representative

Savetria Francis
Principal or Designee

Marsha Hosten- Career
School Psychologist

Catherine Grogans
Speech Language Pathologist

Darlene Nelson
Social Worker

Sharon Millis
Educational Advocate

*I AGREE* with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.

Parent/Guardian Signature   Date

District of Columbia Public Schools   07-02-2001   Division of Special Education   Appendix - A   IEP Page 1 of 4

Student ID Number _____  DOB 10/31/95  Attending School Charles Young ES    Page 2 of 4

## VII. Present Educational Performance Levels in Areas Affected by the Disability

Additional Comments:

**Academic Areas: (Evaluator)** Diana Stovall

Score(s) When Available

**Math Strengths:**

Able to calculate single digit addition and subtraction problems.

Math Cal. 2.2

Math Rea. 1.5

**Impact of disability on educational performance in general education curriculum:**

Weak reasoning skills negatively impact upon Ernest's academic progress in the general education room.

See goal page:

Date: 1/27/04

Rdg. Com <1.0

**Reading Strengths:**

cooperative, motivated to perform

Rdg. Basic 1.1

Written Ex. 1.8

**Impact of disability on educational performance in general education curriculum:**

Deficient decoding skills adversely impact upon Ernest academic progress in the general education room.

See goal page:

Date: 1/27/04

**Communication (Speech & Language) (Evaluator)** Cherion Mitchell M.S. (M'SLP

**Strengths:**

Ernest demonstrates strengths in the following areas: fluency, artic, AOWPVT, RLIS, pragmatics.

Score(s) When Available

Exp.Lang. 59 CELF-SS

Rec-Lang. 86 CELF-SS

Artic WNL

Voice harsh/raspy

**Impact of disability on educational performance in general education curriculum:**

Ernest's disability impacts his ability to form sentences, decreased use of appropriate grammatical structures, reduced ability to plan & produce grammatically correct complete sentence in the general ed. Curriculum.

Fluency WNL

Exp. Voc. 72 EOWPVT-SS

Rec. Voc. 78 ROWPVT-SS

See goal page:

Date: 1/30/04

**Motor/Health (Evaluator)** _____

**Strengths:**

Score(s) /Results When Available

**Impact of disability on educational performance in general education curriculum:**

See goal page:

Date: _____

**Social Emotional Behavioral Areas: (Evaluator)** social worker

Score(s) When Available

**Strengths:**

ERNEST can be helpful at times.

**Impact of disability on educational performance in general education curriculum:**

ERNEST poor social skills limits his academic growth.

See goal page:

Date: _____

**Cognitive/Adaptive Behavior: (Evaluator)** _____

**Strengths:**

Score(s) When Available

**Impact of disability on educational performance in general education curriculum:**

See goal page:

Date: _____

**Prevocational Skills: (Evaluator)** _____

Score(s) When Available

**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

See goal page:

Date: _____

DRAFT

| Student Name | ERNEST | HART | Managing School | Young Elementary | DCPS - IEP |
|---|---|---|---|---|---|
| Student ID Number | 9074804 | DOB 10/03/1995 | Attending School | Young Elementary | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: ☐ | | Goal Number: [illegible] |
|---|---|---|---|

Area addressed by goal:  Academic Areas: Reading

**ANNUAL GOAL: (Including mastery criteria.)**

Ernest will demonstrate one year's growth in Reading Skills by mastering the short-term objectives with 80% accuracy.

Provider(s): Special Education Teacher/Resource Room Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Given picture cues and vocabulary words, Ernest will identify initial and final consonants sounds in 9 of 10 trials over 5 consecutive sessions. | | Monthly |
| Given picture cues and vocabulary words, Ernest will recognize vowel letter sounds (a,e,i,o,u) in 9 of 10 trials over 5 consecutive sessions. | | Monthly |
| Given words dictated by teacher, Ernest will verbally identify rhyming words in 4 of 5 trials. | | Monthly |
| Given grade appropriate vocabulary words Ernest will read them aloud with no more than 2 consecutive errors in 9 of 10 trials. | | Monthly |
| Given a story starter, Ernest will dictate to teacher at least 3 - 5 complete sentences in 4 of 5 trials. | | Monthly |
| After teachers read short story or paragraph Ernest will use picture cue and/or dictate verbally answer "wh" questions in 9 of 10 trials. | | Monthly |

**EVALUATION PROCEDURE(S)**

☒ Portfolio   ☐ Log   ☐ Chart   ☒ Test   ☒ Documented Observation   ☐ Report   ☐ Other _____

District of Columbia Public Schools     07-02-2001     Division of Special Education     Appendix - A     IEP Page 3 of 4

DRAFT

| Student Name | ERNEST | HART | Managing School | Young Elementary | DCPS - IEP |
|---|---|---|---|---|---|
| Student ID Number | 9074804 | DOB 10/03/1995 | Attending School | Young Elementary | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: ☐ | Goal Number: |
|---|---|---|

Area addressed by goal: Academics: Written Communication

**ANNUAL GOAL:** (including mastery criteria:)

Ernest will demonstrate one year's growth in Written Communication Skills by mastering the short-term objectives with 80% accuracy.

Provider(s): School Social Worker

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| When prompted, Ernest will write all letters of the alphabet in the correct order with less than 2 errors in 4 of 5 trials. | | Monthly |
| Given a group of words on sentence strips, Ernest will identify complete sentences and sentence fragments, in 4 of 5 trials, over 5 consecutive sessions. | | Monthly |
| Given grade appropriate words and minimal teacher assistance, Ernest will spell words with less than 2 errors in 4 of 5 trials over 5 consecutive sessions. | | Monthly |
| Given 10 sentences, Ernest will be able to rewrite sentences using correct punctuation and capitalization rules, in 9 of 10 trials, over 5 consecutive sessions. | | Monthly |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

☒ Portfolio  ☐ Log  ☐ Chart  ☒ Test  ☒ Documented Observation  ☐ Report  ☐ Other _____

DRAFT

| Student Name | ERNEST | HART | Managing School | Young Elementary | | DCPS - IEP |
|---|---|---|---|---|---|---|
| Student ID Number 9074804 | | DOB 10/03/1995 | Attending School | Young Elementary | | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: ☐ | | | Goal Number: [ ] |

Area addressed by goal: Visual Perception

**ANNUAL GOAL: (including mastery criteria.)**

Ernest will demonstrate one year's growth in Visual Perception Skills by mastering the short-term objectives with 80% accuracy.

Provider(s): Special Education Teacher/Resource Room Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Ernest will verbally describe details in a picture in 4 of 5 trials over 5 consecutive sessions. | | Monthly |
| With minimal assistance, Ernest will complete age appropriate board puzzles in 4 of 5 trials over 5 consecutive sessions. | | Monthly |
| Given a set of different objects, Ernest will classify objects by visual attributes in 4 of 5 trials over 5 consecutive sessions. | | Monthly |
| | | |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

☒ Portfolio  ☐ Log  ☐ Chart  ☐ Test  ☒ Documented Observation  ☐ Report  ☐ Other _____

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix - A    IEP Page 3 of 4

DRAFT

| Student Name | ERNEST | HART | | Managing School | Young Elementary | DCPS - IEP |
|---|---|---|---|---|---|---|
| Student ID Number 9074804 | | DOB 10/03/1995 | | Attending School | Young Elementary | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: ☐ | Goal Number: ☐ |
|---|---|---|

Area addressed by goal:  Academic Areas: Math

**ANNUAL GOAL: (including mastery criteria.)**

Ernest will demonstrate one year's growth in Math Skills by mastering the short-term objectives with 80% accuracy.

Provider(s): Special Education Teacher/Resource Room Teacher

**Consider audience, behavior, condition, degree and evaluation.**

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Given 10 addition problems with two or more digits and manipulatives , Ernest will add with regrouping , with less than 2 errors in 4 of 5 trials over 5 consecutive sessions. | | Monthly |
| Given 10 subtraction problems with two or more digits and manipulatives, Ernest will subtract with regrouping, with less than 2 errors in 4of 5 trials over 5 consecutive sessions. | | Monthly |
| Given pictures of clock faces with the short hand pointing to an hour, Ernest will state the hour in 9 of 10 trials. | | Monthly |
| Using money manipulatives, Ernest will count various amounts of money in 4 of 5 trials over 5 consecutive sessions. | | Monthly |
| | | |
| | | |

| **EVALUATION PROCEDURE(S)** |
|---|
| ☒ Portfolio ☐ Log ☐ Chart ☒ Test ☒ Documented Observation ☐ Report ☐ Other _____ |

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix - A    IEP Page 3 of 4

| Student Name | Ernest Hart | | Managing School | Charles Young | DCPS - IEP |
|---|---|---|---|---|---|
| Student ID Number | | DOB 10/3/95 | Attending School | Charles Young | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: ☐ | Goal Number: |
|---|---|---|

Area addressed by goal: _Communication_

**ANNUAL GOAL: (Including mastery criteria.)**

Increase expressive language skills to enhance overall communication skills in academic and non-academic setting by mastery of the following STO's.

Provider(s) Speech and Language Pathologist

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (Include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Given pictorial and written stimuli, Ernest will be able to identify verbally; nouns, actions with 75% accuracy in 3/5 trials over 5 consecutive sessions. | | Monthly |
| Given pictorial stimuli, Ernest will be able describe objects with at least three features (color, size shape, texture, etc.) w/ 75% acc in 3/5 trials over 5 consecutive sessions. (w/pictorial stim) | | Monthly |
| Given age/grade appropriate vocabulary; Ernest will be able to formulate simple sentences verbally/ written with 75% occ in 4/5 trials over 4 consecutive sessions. | | Monthly |
| After having a story read to him, Ernest will be able to identify (verbally) 3-4 details of the story: ex (characters plot, beginning, end) w/ 75% acc in 3/5 trials over 5 consecutive sessions. | | Monthly |
| Given grade appropriate vocabulary w/pictorial stimuli, Ernest will be able to associate text with pictures w/ 75% acc in 4/5 trials over 5 consecutive sessions. | | Monthly |
| Given pictorial stimuli, Ernest will demo. understanding of the following academic concepts: Basic Term Directions Term, Language Arts and Math w/ 75% acc in 4/5 trials over 5 consecutive sessions. | | Monthly |

**EVALUATION PROCEDURE(S)**

☒ Portfolio  ☐ Log  ☐ Chart  ☐ Test  ☒ Documented Observation  ☐ Report  ☐ Other _____

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix - A    IEP Page 3 of 4

Student ID Number 9074804   DOB _____   Attending School Charles Young   Page 3 of 4

**VII. SPECIALIZED SERVICES**    Additional Comments: ☐    Goal Number: ☐

Area addressed by goal: Social Emotional

**ANNUAL GOAL: (including mastery criteria.)**

To Improve overall Social Emotional functioning that is impacting his Academic growth with 80% Accuracy

Provider(s): Social Worker / Psychologist

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Participate in group activities demonstrating appropriate peer interaction Given 3 out of 5 trials | | monthly |
| Demonstrate appropriate eye contact when being addressed by adult school staff given 3 out of 5 trials | | monthly |
| Identify situations were he is easily angered and develop technic to eliminate that anger given 3 out of 5 trials | | monthly |
| Identify appropriate and inappropriate behavioral response to various situations given 3 out of 5 trials | | monthly |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**
☐ Portfolio  ☐ Log  ☐ Chart  ☐ Test  ☑ Documented Observation  ☐ Report  ☐ Other _____

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix - A    IEP Page 3 of 4

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
)
**THERESA HART**                              )
           **Plaintiff,**                )
                          )
                          )  **Civil Action No. 07-0755**
**v.**                                        )  **RJL**
                          )
                          )
**DISTRICT OF COLUMBIA**                       )
            **Defendant.**             )
_____)

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. Ms. Hart's son E.H. is a twelve-year-old boy who has been determined qualified for special education as a child with a specific learning disability and a speech and language impairment. R. at 21.

2. E.H. has been placed in a full-time special education placement to accommodate his disabilities, and he currently attends Rock Creek Academy ("RCA"). Answer ¶ 7; R. at 3, 21.

3. Prior to November 14, 2006, E.H.'s individualized education program ("IEP") classified E.H. as learning disabled only, and prescribed one hour per week of speech and language therapy, in addition to specialized instruction. Exhibit 1.

4. RCA completed a speech and language evaluation of E.H. on April 3, 2006. Answer ¶ 8; R. at 72.

5. Neither DCPS nor RCA convened a meeting to review the April 3, 2006 speech and language evaluation until November 14, 2006. R. at 68, 82.

6. RCA convened a multidisciplinary team ("MDT") meeting on November 14, 2006. Answer ¶ 10; R. at 68.

1

7. DCPS was invited to the November 14, 2006 meeting, but no DCPS representative attended the meeting. Answer ¶ 11.

8. At the November 14, 2006 MDT meeting, the team reviewed the April 3, 2006 speech and language evaluation, and on the basis of that review determined that several revisions to E.H.'s IEP were warranted. Answer ¶ 12; R. at 68.

9. At the November 14, 2006 meeting, as a result of the review of the speech and language evaluation, the team added the disability classification of speech and language impairment to E.H.'s IEP. Answer ¶ 12; R. at 53, 68, 82-83.

10. At the November 14, 2006 meeting, as a result of the review of the speech and language evaluation, the team increased E.H.'s prescribed speech and language therapy from sixty to ninety minutes per week. Answer ¶ 12; R. at 53, 68, 82-83.

11. At the November 14, 2006 meeting, the team revised E.H.'s speech and language goals and objectives to address the deficits identified in the April 3, 2007 evaluation. Exhibit 1 at 7; R. at 61, 68.

12. At the November 14, 2006 MDT meeting, the Plaintiff requested that DCPS provide compensatory education to compensate E.H. for DCPS' failure timely to review the April 3, 2006 speech and language evaluation and timely to revise E.H.'s IEP accordingly. R. at 68.

13. Because no DCPS representative had attended the meeting, the team at RCA declined to commit DCPS to providing compensatory education. R. at 68.

14. The Plaintiff filed an IDEA due process complaint on November 16, 2006. R. at 91-93.

15. DCPS filed a Response to the due process complaint on December 1, 2006. R. at 82-83.

16. The due process complaint was heard on January 18, 2007. R. at 1.

17. At the Hearing Officer's request, the Plaintiff filed a supplemental memorandum on January 19, 2007. R. at 15-17.

18. On January 25, 2007, the Hearing Officer issued the hearing officer's determination ("HOD"). R. at 1-6.

19. On February 7, 2007, the Plaintiff filed a motion for reconsideration of the HOD.[1] R. at 7-13.

20. No order was ever issued on the motion for reconsideration. See R., generally.


Respectfully submitted,

/s/_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com

---

[1] Contrary to the stamp on the file copy, the fax line indicates that the motion was filed the afternoon of February 7, 2007; the motion was timely regardless.

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                              |     |                              |
|------------------------------|-----|------------------------------|
| **THERESA HART**             | )   |                              |
|             **Plaintiff,**   | )   |                              |
|                              | )   | **Civil Action No. 07-0755** |
| **v.**                       | )   | **RJL**                      |
|                              | )   |                              |
|                              | )   |                              |
| **DISTRICT OF COLUMBIA**     | )   |                              |
|             **Defendant.**   | )   |                              |

_____)

**PROPOSED ORDER**

Upon consideration of the Plaintiff's Motion for Summary Judgment, it is hereby

ORDERED that the Motion is GRANTED, and it is further

ORDERED that the Defendant shall immediately convene an MDT meeting, and at that

meeting shall develop an appropriate compensatory education plan to compensate E.H.

for DCPS' failure to review the April 3, 2006 speech and language evaluation, and to

revise E.H.'s IEP accordingly, until November 14, 2006.


SO ORDERED.


                                        _____
                                        Richard J. Leon
                                        United States District Judge