**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
)
**THERESA HART,**                                   )
)
)
**Plaintiff,**                            )
)
**v.**                            )   **Civil No. 07-0755 (RJL)**
)
**DISTRICT OF COLUMBIA,**                    )
)
**Defendant.**                       )
_____)

**<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendant District of Columbia, by counsel, respectfully moves for summary

judgment pursuant to Fed. R. Civ. Pro. 56 and LCvR 56.1.

A memorandum of points and authorities, a statement of material facts as to

which there are no genuine issues in dispute, and a proposed order are attached hereto.

Respectfully submitted,

PETER NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**<u>/s/ Edward P. Taptich</u>**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

1

_**/s/ Amy Caspari**_
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

January 7, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
THERESA HART,                                 )
                                                          )
                                                          )
            Plaintiff,                              )
                                                          )
            v.                                          )   Civil No. 07-0755 (RJL)
                                                          )
DISTRICT OF COLUMBIA,               )
                                                          )
            Defendant.                           )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On January 25, 2007, an administrative hearing officer's decision ("HOD") was

issued pursuant to the Individuals With Disabilities Education Improvement Act of 2004

20 U.S.C. §§1400 et seq. ("IDEIA"), regarding a November 13, 2006 multidisciplinary

team ("MDT") meeting, to review the student's April 3, 2006 speech and language

evaluation and create a new individualized education program ("IEP") at the student's

school, Rock Creek Academy (a private full time therapeutic placement).  The issue

presented and resolved was "Whether the District of Columbia Public Schools  ("DCPS")

had failed to (1) evaluate Petitioner in all areas of suspected disability, (2) review

Petitioner's evaluations, (3) develop an appropriate IEP, and (4) provide appropriate

services?" The Plaintiff bore the burden of proof on the issue.  Schaffer v. Weast, 546

U.S. 49 (2005); 5 DCMR 30 § 3030.3.  Based on the evidence submitted and oral

presentations at the hearing on January 18, 2006, the Hearing Officer denied Plaintiff's

request for relief.

The fundamental factual questions in the administrative proceeding were whether DCPS was required to attend the November 13, 2006 MDT/IEP meeting to discuss compensatory education for the alleged untimely review of the Plaintiff's April 3, 2006, speech and language evaluation, and whether the IEP created based on the team's recommendations was appropriate. See HOD p. 4.  The Hearing Officer denied the relief requested, concluding: "Petitioner's counsel offered no testimony or other evidence that DCPS failed to develop an appropriate IEP and failed to provide necessary services." The Hearing Officer also denied compensatory education, finding that "Petitioner's counsel offered no proof at the hearing that such services were needed.  Thus, Petitioner failed to meet his burden on the issues of denial of such services and inadequate IEP" See administrative record pp. 4-5.

In this appeal, Plaintiff seeks a reversal of the Hearing Officer's decision, and "an order from this Court enjoining the Defendant immediately to convene an [MDT] meeting, and a meeting to develop an appropriate compensatory education plan to compensate E.H. for the failure of DCPS to timely review an April 3, 2006 speech and language evaluation and to update E.H.'s individualized education plan ("IEP") in accordance with the findings and recommendations of that evaluation."  See Plaintiff's Motion for Summary Judgment p. 1.

## BACKGROUND

On November 14, 2006, an IEP was created pursuant to the November 13, 2006, IEP/MDT meeting recommendations, in which the MDT team reviewed the student's April 3, 2006, speech and language evaluation. See administrative record p. 4.  The team increased the student's speech and language therapy from sixty to ninety minutes a week,

and in addition to his Specific Learning Disability classification, the team further classified the student as Speech and Language Impaired ("SLI").  See Complaint ¶ 12.

On November 16, 2006, Plaintiff filed an administrative due process complaint alleging DCPS' failures to develop an appropriate IEP, and to timely review E.H.'s April 3, 2006, speech and language evaluation pursuant to the IDEIA.  See administrative record p. 44.  An administrative due process hearing took place on January 18, 2007.  See administrative record p. 95.  An HOD was issued on January 25, 2007, finding that "Petitioner's counsel offered no testimony or other evidence that DCPS failed to develop an appropriate IEP and failed to provide necessary services," the HOD denied compensatory education relief, finding that "Petitioner's counsel offered no proof at the hearing that such services were needed. Thus, Petitioner failed to meet his burden on the issues of denial of such services and inadequate IEP" See administrative record pp. 4-5.

For relief here, Plaintiff seeks an order from this Court directing DCPS "to revise E.H.'s ["IEP"] in accordance with the findings and recommendations of the [April 3, 2006] evaluation," and to convene an [MDT] meeting to determine a prescribed amount of compensatory education to compensate E.H. for the alleged failures."  See Complaint ¶ 12.  For the reasons stated below, Defendant seeks a grant its motion for summary judgment.

## ARGUMENT

**I.**    **The Standard Of Review.**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." <u>Fed</u>. <u>R</u>. <u>Civ</u>. <u>P</u>. 56(c); see also <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Diamond v.Atwood</u>, 43 F.3d 1538, 1540 (D.C.Cir.1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 248, (1986). A "genuine issue" is one that will affect the outcome of the action. <u>Celotex</u>,, 477 U.S. at 322; <u>Anderson</u>, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. <u>Anderson</u>, 477 U.S. at 255. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. <u>Id</u>.

## II.    The Hearing Officer's Decision On The Issue Specified Was Based On, And Supported By, The Record.

If a Plaintiff is aggrieved by a Hearing Officer's decision, an appeal of the decision under the IDEIA will lie. 20 USC §1415(i)(2)(B)(iii). In any action brought under that paragraph, the court (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate. 20 USC §1415(i)(2)(C)(i)(ii)(iii); <u>Green v. District of Columbia,</u> 2006 U.S. Dist. Lexis 25288, at 21. "The review is independent but deference is still due to a state's administrative proceedings. . ." <u>Board of Educ.of Hendrick</u>

Hudson Central Sch. Dist. v. Rowley, 458 U.S. 176, 206 (1982).  The Party challenging

the Hearing Officer's determination bears the burden of persuading the court that the

Hearing Officer's determination was incorrect.  Reid v. District of Columbia, 401 F. 3d

516, 521 (D.C. Cir 2005) (citing Kerkam v. McKenzie, 862 F. 2d 884, 887 (D.D.Cir.

1989)).

     In Diatta v. District of Columbia, 319 F. Supp 2d 57, 64 (D.D.C. 2004), this Court

explained that, in determining whether to reverse a Hearing Officer's determination, the

reviewing court must apply the two-prong test established in Rowley. First, the court

must determine whether the state has complied with the procedural requirements of the

IDEA. Second, the court must determine whether the IEP developed by the state is

reasonably calculated to enable the child to receive educational benefits.  Rowley, 458

U.S. at 206.  If the court determines that the state has not met the Rowley test, then the

court may, "basing its decision on the preponderance of the evidence, [ ] grant such relief

as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B)(iii).

     As to the relief requested here, a new IEP, the Hearing Officer concluded that

"Petitioner's counsel offered no testimony or other evidence that DCPS failed to develop

an appropriate IEP and failed to provide necessary services."  See administrative record

pp. 4-5.  This finding is clearly supported by the record.

     At hearing, Plaintiff's counsel submitted the IEP into evidence (administrative

record transcript p. 100 line 7), and relied on the appropriateness of the IEP to support

Plaintiff's claims for compensatory education: "Rock Creek was able to proceed with

modifying the IEP, which they did base on a new speech and language evaluation." See

administrative record transcript p. 107 line 1-3.  "They devised an appropriate IEP."   See administrative record transcript p. 107 line 15.

Plaintiff's Motion also concedes that on November 14, 2006, "an MDT meeting convened to review the April 3, 2006 speech and language evaluation and on the basis of that review determined that several revisions to E.H.'s IEP were warranted."  See Motion for Summary Judgment p. 2.  "The team revised E.H.'s speech and language goals and objectives to address the deficits identified in the April 3, 2007 evaluation." Id.  Given that the Plaintiff's arguments and the record evidence does not support her request for a new IEP, there is no basis to overturn the HOD as to the IEP.

The Hearing Officer's denial of compensatory education was also proper and supported by the record.  At hearing, Plaintiff argued that she was denied FAPE because Rock Creek Academy could not authorize compensatory education at the MDT/IEP meeting because DCPS was not present.  See administrative record pp. 106-107.  Both at hearing, and in his decision, the Hearing Officer correctly states that a consideration of compensatory education is only required where a finding of a denial of FAPE occurs.  See administrative record pp. 109-110, and HOD footnote 4.  And the HOD specifically concluded that FAPE had *not* been denied the student in this case.  See administrative record p. 4.

Compensatory education is a remedy for past deficiencies in a student's educational program, a finding of a denial of FAPE "is a necessary prerequisite to a compensatory education award." Peak v. District of Columbia, Civil No. 05-1912 (D.D.C. November 23, 2007),  Memorandum Opinion p. 8-9, citing Reid v. District of Columbia, 401 F.3d 516, 523 (D.C. Cir. 2005) (""[c]ompensatory education involves

discretionary, prospective, injunctive relief crafted by a court to remedy what might be termed an educational deficit created by an educational agency's failure over a given period of time to provide a FAPE to a student.'"")

Not persuaded by Plaintiff's argument that DCPS was required to attend the MDT meeting and offer compensatory education, the Hearing Officer asked Plaintiff what other alleged denials of FAPE gave rise to her claims for "comp. ed.?" See administrative record transcript p. 118 line 17-19. In response, Plaintiff stated that DCPS failed to review the speech and language evaluation on time. Id. Nowhere does Plaintiff explain the significance of those asserted "failings."

The record is devoid any evidence that the untimely review of the evaluation denied any substantive rights or resulted in any harm for the student. "[A]n IDEA claim is viable only if those procedural violations affected the student's *substantive* rights." Lesesne ex rel. B.F. v. District of Columbia, 447 F.3d 828, 834 (D.C.Cir.2006) (emphasis in original); see also Kingsmore ex rel. Lutz v. District of Columbia, 466 F.3d 118, 2006 WL 2792733, at * 1 (D.C.Cir. 2006). To succeed on a procedural claim, parents must demonstrate that the school district's procedural violations affected their child's ability to receive the educational benefit that the IDEA requires. Lesesne, 447 F.3d at 834.

Plaintiff failed to point to any declarations, reports, testimony, or data, to show any harm suffered by Plaintiff. In Reid v. District of Columbia, 401 F.3d 516, 523 (D.C. Cir. 2005), the Court awarded compensatory education for years of a denial of FAPE. In reviewing additional evidence, the Court found that the damage to the student was quite severe: he could not keep up with his peers, and he had to "unlearn" a lot of counterproductive behavior. Plaintiff has not shown any such harm here.

Plaintiff does attempt to argue (administrative record pp. 112-113) that since the IEP increased Plaintiff's speech and language therapy from sixty to ninety minutes a week and added a SLI classification, a denial of FAPE was shown. Here, however, the Hearing Officer notes *the MDT team's decision to increase services did factor in the student's needs at the time of the IEP, thus any claims for compensatory education (additional services) must be shown to be necessary.* See administrative transcript pp. 112-113. Therefore, because the Plaintiff failed to show any denial of FAPE or need for compensatory education services, Plaintiff's claims here for compensatory education must fail.

## CONCLUSION

The January 25, 2007, Hearing Officer's decision should be affirmed because the record fully supports the findings that no substantive harm resulted in the alleged delay of this student's evaluation. The proper evaluations were conducted, and an appropriate IEP is in place, that fully address the needs of this student and the requirement of FAPE under the IDEIA.

<div style="margin-left: 50%;">

Respectfully submitted,

PETER NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

</div>

_/s/ **Amy Caspari**_
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
January 7, 2008                    Washington, D.C. 20001

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
**THERESA HART,**                             )
                                              )
                                              )
     **Plaintiff,**                           )
                                              )
          **v.**                              )  **Civil No. 07-0755 (RJL)**
                                              )
**DISTRICT OF COLUMBIA,**                     )
                                              )
     **Defendant.**                           )
_____)

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Defendant, by counsel, opposes herewith the Plaintiff's Motion for Summary

Judgment filed on December 10, 2007 ("Motion").  Simultaneous herewith, the Defendant

is filing its cross-motion for summary judgment herein.  For the most part, the content of

that motion addresses the issues raised in the Plaintiff's Motion.  To that extent, and to avoid

unnecessary duplication, the arguments in the Defendant's cross-motion will not be repeated

here, but are incorporated herein by reference.  There are, however, certain specific matters

raised in the Motion that are addressed below. A statement of material facts in dispute is

appended hereto.

**BACKGROUND**

**I.      The Administrative Hearing Officer's Decision ("HOD") At Issue.**

On November 14, 2006, an individualized education program ("IEP") was created

in which the multidisciplinary ("MDT") team reviewed E.H.'s April 3, 2006, speech and

language evaluation pursuant to the November 13, 2006, IEP/MDT meeting

recommendations. See administrative record p. 4.  The team increased E.H.'s speech and language therapy from sixty to ninety minutes a week, and in addition to his Specific Learning Disability classification, the team further classified E.H. as Speech and Language Impaired ("SLI").  See Complaint ¶ 12.  On November 16, 2006, Plaintiff filed an administrative due process complaint alleging DCPS' failures to develop an appropriate IEP, and to timely review E.H.'s April 3, 2006, speech and language evaluation pursuant to the IDEIA.  See administrative record p. 44.  An administrative due process hearing took place on January 18, 2007.  See administrative record p. 95.  An HOD was issued on January 25, 2007, finding that "Petitioner's counsel offered no testimony or other evidence that DCPS failed to develop an appropriate IEP and failed to provide necessary services:" the HOD denied compensatory education relief, finding, that "Petitioner's counsel offered no proof at the hearing that such services were needed." See administrative record pp. 4-5.

## II.     The Plaintiff's Challenges Here.

Plaintiff challenges the January 25, 2007, HOD under the IDEIA. Reduced to their essentials, Plaintiff's arguments are twofold, alleging the Hearing Officer erred: 1) in failing to address the timeliness of the District of Columbia Public School's ("DCPS") review of an April 3, 2006 speech and language evaluation performed on Plaintiff's son, E.H., and 2) in failing to find that the timeliness of the review was a denial of a free appropriate public education ("FAPE") under the IDEIA. See Motion pp. 6-8.

For relief, Plaintiff seeks an order from this Court directing DCPS "to revise E.H.'s individualized education program ["IEP"] in accordance with the findings and recommendations of the [April 3, 2006] evaluation," and to convene a multidisciplinary

team ("MDT") meeting to determine a prescribed amount of compensatory education to compensate E.H. for the alleged failures." See Motion p. 1. For the reasons stated below, Defendant opposes Plaintiff's Motion and seeks a grant its motion for summary judgment.

## ARGUMENT

**I.    The New IEP That Plaintiff Seeks For Relief Has Already Been Completed.**

Plaintiff's Motion argues that FAPE was denied because the IEP was not timely reached. Motion pp. 7-8. And Plaintiff seeks an Order requiring DCPS to revise the IEP to include the findings and recommendations of the speech and language evaluation. Motion p. 1. However, the HOD makes clear that the November 2006 IEP meeting did in fact create an IEP, which did in fact take the speech and language evaluation recommendations into account. See administrative record pp. 4-5. The HOD specifically states "Petitioner's counsel offered no testimony or other evidence that DCPS failed to develop an appropriate IEP and failed to provide necessary services." See administrative record pp. 4-5.

Moreover, at hearing, counsel agreed that the IEP was appropriate, stating "Rock Creek was able to proceed with modifying the IEP, which they did base on a new speech and language evaluation." See administrative record transcript p. 107 lines 1-3. "They devised an appropriate IEP." See administrative record transcript p. 107 line 15. Further at hearing, Plaintiff's counsel submitted the IEP into evidence *to demonstrate its appropriateness,* in support of Plaintiff's claims for compensatory education. See administrative record transcript p. 100 line 7.

The Motion itself states that on November 14, 2006, an MDT meeting was convened to "review the April 3, 2006 speech and language evaluation and on the basis of that review determined that several revisions to E.H.'s IEP were warranted."  See Motion p. 2.  "The team revised E.H.'s speech and language goals and objectives to address the deficits identified in the April 3, 2007 evaluation." Id.

The prayer for relief here dramatizes the futility of Plaintiff's position since both the proposed Order and the Motion suggest that a new IEP should take the speech and language evaluation into account, while the HOD confirms that event already to have happened, and at hearing, Plaintiff acknowledged that fact.

 Accordingly, since Plaintiff's apparent position ignores the content of the HOD and requests the ordering of events that have already occurred, there is no basis for overturning the HOD in that respect.

## II.    The Hearing Officer's Denial Of Compensatory Education Is Unchallenged here.

Plaintiff's Motion appears to suggest that, because several months passed from the time the evaluation was complete until the time the evaluation was reviewed, compensatory education is automatically due.  Motion pp. 7-8.  However, consideration of compensatory education is only required where a finding of a denial of FAPE occurs.

 Compensatory education is a remedy for past deficiencies in a student's educational program, a finding of a denial of FAPE "is a necessary prerequisite to a compensatory education award." Peak v. District of Columbia, Civil No. 05-1912, Memorandum Opinion p. 8-9, (D.D.C. 2007) citing Reid v. District of Columbia, 401 F.3d 516, 523 (D.C. Cir. 2005) ("[c]ompensatory education involves discretionary, prospective, injunctive relief crafted by a court to remedy what might be termed an

educational deficit created by an educational agency's failure over a given period of time to provide a FAPE to a student.")

In this case, the HOD specifically ordered that there was no denial of FAPE. See administrative record p. 4. And the Motion does not present any specific reasons why the stated basis for the Hearing Officer's conclusion in that regard were wrong, and should be overturned. Moreover, at hearing, Plaintiff's counsel had numerous opportunities to present Plaintiff's claims for compensatory education, yet failed to do so. First, Plaintiff gave an opening statement. See administrative record transcript p. 103 line 12-15. Counsel argued vehemently (and erroneously), "DCPS failed to attend [the November 24, 2006 MDT meeting at Rock Creek Academy]" (administrative record transcript p. 106-107), and that since DCPS failed to attend the MDT meeting, that Rock Creek Academy could not authorize compensatory education. See administrative record transcript p. 107 through 110. Here, Plaintiff did not raise any argument in support of a finding that the failure to review the evaluation resulted in harm that resulted in a denial of FAPE.[1]

In sum, the Motion essentially argues that because DCPS failed to timely review the speech and language evaluation, and did not revise the IEP to take the evaluation into account for more than seven months, the student was denied a FAPE. Based on that asserted failure, the plaintiff requests that DCPS be directed to "convene an MDT

---

[1] The Hearing Officer specifically stated that "Petitioner's counsel offered no proof at the hearing that such services were needed." See administrative record pp. 4-5. Nonetheless, the Hearing Officer invited the parties to brief him (within two days of the hearing) as to whether DCPS was required to attend the MDT meeting conducted by Rock Creek Academy (administrative record pp. 121-122). Ultimately, he concluded that since there was no right to compensatory education under the IDEIA without first finding a denial of FAPE, DCPS was not required to discuss compensatory education at that meeting. See administrative record footnote 5, p.4. More importantly, the Hearing Officer notes *the MDT team's decision to increase services must have factored in the student's needs at the time of the IEP, thus any claims for compensatory education (additional services) must be shown to be necessary.* See administrative transcript pp. 112-113.

meeting, and at that meeting . . . develop an appropriate compensatory education plan to compensate E.H. for DCPS' failure to review the April 3, 2006 speech and language evaluation, and to revise E.H.'s IEP accordingly, until November 14, 2006." Motion pp. 6-8.[2]

The Party challenging the Hearing Officer's determination bears the burden of persuading the court that the Hearing Officer's determination was incorrect. Reid v. District of Columbia, 401 F. 3d 516, 521 (D.C. Cir. 2005) (citing Kerkam v. McKenzie, 862 F. 2d 884, 887 (D.C. Cir. 1989)). The Court employs a preponderance of the evidence standard in performing such judicial review. 20 U.S.C. 1415 (i)(2)(B)(iii); see also Arguenta v. District of Columbia, 335 F. Supp. 2d 408, 412 (D.D.C. 2005); Lenn v. Portland School Committee, 998 F.2d 1083 (1st Cir. 1993). Other than stating that the Hearing Officer did not find that a review of the evaluation was late, no specific

---

[2] At pages 6-7 of the Motion, Plaintiff argues that Plaintiff had claimed that DCPS had failed timely to review the April 3, 2006, evaluation, and to revise the student's IEP accordingly, and that the HOD impermissibly "contained no discussion of an issue identified in the due process complaint." On that asserted "failure to explain" basis, the Plaintiff requests the Court to "overturn the HOD." Motion, p. 7. That argument requires no extended response.

     In rendering a decision, an administrative hearing officer is not obliged to respond to each and every assertion presented by a complainant. In Iapalucci v. District of Columbia, 402 F. Supp. 2d 152, 165 (D.D.C. 2005), the Plaintiffs alleged that the Hearing Officer ignored arguments regarding the alleged substantive deficiencies in the student's IEP, and focused solely on whether the student was making educational progress. The Court found that the evidence in the record supported the Hearing Officer's findings and that the parents did not show by a preponderance of evidence that those findings were wrong. Id.

     Petway v. District of Columbia, 2005 U.S. LEXIS 36226 at 22-23, (D.D.C.), the sole authority cited by the Plaintiff, is not to the contrary. In Petway, the Court concluded that the administrative due process decision was not supported by the record. Thus, Plaintiff erroneously applies Petway to address an alleged failure of the Hearing Officer to address an issue. Further, at the time the Petway decision was rendered, the burden of proof was on DCPS to show that the IEP and placement were appropriate. In that case, DCPS failed to do so and the Court found that the Hearing Officer's decision was unsupported by the record. Id at 24-25.

     In this case, it is entirely clear what the Hearing Officer concluded, and on what basis. And nowhere does the Plaintiff contend that the Hearing Officer failed to consider any of Plaintiff's evidence or position. Instead, the Plaintiff simply disputes the manner in which the Hearing Officer disposed of her position(s). That the hearing officer failed to express his findings and conclusions in the manner the Plaintiff would have preferred is without consequence here.

challenges to the findings in the HOD have been made here. Accordingly, there is no proper basis for overturning the Hearing Officer's conclusion in that regard.

## <u>CONCLUSION</u>

The administrative record shows that Plaintiff's request for a new IEP has already occurred. In that regard, Plaintiff's Motion should plainly be denied. Plaintiff's request for compensatory education should also be denied because Plaintiff has not shown that the HOD's conclusion that a denial of FAPE occurred—a necessary requisite to a grant of compensatory education—did not occur.

Respectfully submitted,

PETER NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_/s/ Edward P. Taptich_
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

_/s/ Amy Caspari_
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

January 7, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                      )
**THERESA HART,**                              )
                                                      )
                                                      )
          **Plaintiff,**                          )
                                                      )
          **v.**                                   )   **Civil No. 07-0755 (RJL)**
                                                      )
**DISTRICT OF COLUMBIA,**           )
                                                      )
          **Defendant.**                        )
_____)


### <u>ORDER</u>

Upon consideration of Plaintiff's Motion for Summary Judgment and Defendant's

Cross-Motion for Summary Judgment, the Oppositions and Replies thereto, it is hereby

**ORDERED** that:

    1.  Defendant's Motion for Summary Judgment is GRANTED; and it is further

        **ORDERED** that

    **2.**  Plaintiff's Motion for Summary Judgment is **DENIED.**


_____
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**THERESA HART,**                           )
                                            )
                                            )
        **Plaintiff,**                      )
                                            )
            **v.**                          )   **Civil No. 07-0755 (RJL)**
                                            )
**DISTRICT OF COLUMBIA,**                   )
                                            )
        **Defendant.**                      )
_____)

## <u>DEFENDANT'S STATEMENT OF MATERIAL FACTS IN DISPUTE</u>

1.     Undisputed.

2.     Undisputed.

3.     Disputed that Plaintiff's characterization of the IEP fully describes the IEP appropriately.  See Plaintiff's Motion Exhibit 1.

4.     Undisputed.

5.     Undisputed.

6.     Undisputed.

7.     Undisputed.

8.     Undisputed.

9.     Undisputed.

10.     Undisputed.

11.     Undisputed.

12.     Undisputed**.**

13.     Undisputed.

14.     Undisputed.

15.     Undisputed.

16.     Undisputed.

17.     Undisputed.

18.     Undisputed.

19.     Disputed that the motion for reconsideration was properly filed or served upon

        the student hearing office. R 7-13.

20.     Undisputed.

                                    Respectfully submitted,

                                    PETER NICKLES
                                    Interim Attorney General
                                    for the District of Columbia

                                    GEORGE C. VALENTINE
                                    Deputy Attorney General
                                    Civil Litigation Division

                                    */s/ Edward P. Taptich*
                                    EDWARD P. TAPTICH [#012914]
                                    Chief, Equity Section II

                                    */s/ Amy Caspari*
                                    AMY CASPARI [#488968]
                                    Assistant Attorney General
                                    441 Fourth Street, N.W.
                                    Sixth Floor South
                                    Washington, D.C. 20001
                                    (202) 724-7794

January 7, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
                                     )
**THERESA HART,**                    )
                                     )
                                     )
         **Plaintiff,**              )
                                     )
              **v.**                 )    **Civil No. 07-0755 (RJL)**
                                     )
**DISTRICT OF COLUMBIA,**            )
                                     )
         **Defendant.**              )
_____ )

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.      On November 13, 2007, a multidisciplinary ("MDT") team convened at Rock Creek Academy to review E.H.'s April 3, 2006, speech and language evaluation. See administrative record p. 4.

2.      District of Columbia Public Schools ("DCPS") was not present at the meeting. See administrative record p. 4.

3.      DCPS presence was not required at the meeting. See administrative record p. 4.

4.      On November 14, 2006, an appropriate individualized education program ("IEP") was created pursuant to the November 13, 2006, MDT recommendations.  See administrative record p. 4.

5.      The MDT/IEP team increased E.H.'s speech and language therapy from sixty to ninety minutes a week, and in addition to his Specific Learning Disability classification, the team further classified E.H. as Speech and Language Impaired ("SLI").  See Complaint ¶ 12.

6.      The MDT/IEP team based their recommendations on the results of the speech and language evaluation. See Complaint ¶ 12.

7.      On November 16, 2006, Plaintiff filed an administrative due process complaint alleging DCPS' failures to develop an appropriate IEP, and to timely review E.H.'s April 3, 2006, speech and language evaluation pursuant to the IDEIA. See administrative record p. 44.

8.      An administrative due process hearing took place on January 18, 2007. See administrative record p. 95.

9.      At hearing, Plaintiff's counsel submitted the IEP into evidence to demonstrate the appropriateness of the IEP to support his claims for compensatory education. See administrative record transcript p. 106 line 7.

10.     At hearing, Plaintiff stated, "Rock Creek was able to proceed with modifying the IEP, which they did base on a new speech and language evaluation." See administrative record transcript p. 107 line 1-3.

11.     At hearing, Plaintiff stated, "They devised an appropriate IEP." See administrative record transcript p. 107 line 15.

12.     In her Motion for Summary Judgment, Plaintiff's counsel stated that on November 14, 2006, "an MDT meeting convened to review the April 3, 2006 speech and language evaluation and on the basis of that review determined that several revisions to E.H.'s IEP were warranted." See Motion p. 2.

13.     In her Motion for Summary Judgment, Plaintiff's counsel stated, "The team revised E.H.'s speech and language goals and objectives to address the deficits identified in the April 3, 2007 evaluation." See Motion p. 2.

14.     An HOD was issued on January 25, 2007, finding that "Petitioner's counsel

offered no testimony or other evidence that DCPS failed to develop an appropriate IEP

and failed to provide necessary services:" the HOD denied compensatory education

relief, finding that "Petitioner's counsel offered no proof at the hearing that such services

were needed. Thus, Petitioner failed to meet his burden on the issues of denial of such

services and inadequate IEP" See administrative record pp. 4-5.

15.     To date, there is no requirement for DCPS to authorize the alleged compensatory

education owed to the student because no denial of FAPE has been found.  See

administrative record p. 4.

16.     The alleged motion for reconsideration was not filed with the student hearing

office.  See administrative record p. 7.

<div style="margin-left: 50%;">

Respectfully submitted,

PETER NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

</div>

January 7, 2008