## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                )

**THERESA HART,**                 )

                                  )

       **Plaintiff,**             )

                                  )

          **v.**               )  **Civil No. 07-0755 (RJL)**

                                  )

**DISTRICT OF COLUMBIA,**     )

                                  )

       **Defendant.**           )
_____)

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

      The Defendant, by counsel, opposes herewith the Plaintiff's Motion for Summary

Judgment filed on December 10, 2007 ("Motion"). Simultaneous herewith, the Defendant

is filing its cross-motion for summary judgment herein. For the most part, the content of

that motion addresses the issues raised in the Plaintiff's Motion. To that extent, and to avoid

unnecessary duplication, the arguments in the Defendant's cross-motion will not be repeated

here, but are incorporated herein by reference. There are, however, certain specific matters

raised in the Motion that are addressed below. A statement of material facts in dispute is

appended hereto.

## BACKGROUND

**I.**      **The Administrative Hearing Officer's Decision ("HOD") At Issue.**

      On November 14, 2006, an individualized education program ("IEP") was created

in which the multidisciplinary ("MDT") team reviewed E.H.'s April 3, 2006, speech and

language evaluation pursuant to the November 13, 2006, IEP/MDT meeting

recommendations. See administrative record p. 4.  The team increased E.H.'s speech and

language therapy from sixty to ninety minutes a week, and in addition to his Specific

Learning Disability classification, the team further classified E.H. as Speech and

Language Impaired ("SLI").  See Complaint ¶ 12.  On November 16, 2006, Plaintiff filed

an administrative due process complaint alleging DCPS' failures to develop an

appropriate IEP, and to timely review E.H.'s April 3, 2006, speech and language

evaluation pursuant to the IDEIA.  See administrative record p. 44.  An administrative

due process hearing took place on January 18, 2007.  See administrative record p. 95.  An

HOD was issued on January 25, 2007, finding that "Petitioner's counsel offered no

testimony or other evidence that DCPS failed to develop an appropriate IEP and failed to

provide necessary services:" the HOD denied compensatory education relief, finding, that

"Petitioner's counsel offered no proof at the hearing that such services were needed."

See administrative record pp. 4-5.

## II.    The Plaintiff's Challenges Here.

Plaintiff challenges the January 25, 2007, HOD under the IDEIA. Reduced to

their essentials, Plaintiff's arguments are twofold, alleging the Hearing Officer erred: 1)

in failing to address the timeliness of the District of Columbia Public School's ("DCPS")

review of an April 3, 2006 speech and language evaluation performed on Plaintiff's son,

E.H., and 2) in failing to find that the timeliness of the review was a denial of a free

appropriate public education ("FAPE") under the IDEIA. See Motion pp. 6-8.

For relief, Plaintiff seeks an order from this Court directing DCPS "to revise

E.H.'s individualized education program ["IEP"] in accordance with the findings and

recommendations of the [April 3, 2006] evaluation," and to convene a multidisciplinary

team ("MDT") meeting to determine a prescribed amount of compensatory education to compensate E.H. for the alleged failures." See Motion p. 1. For the reasons stated below, Defendant opposes Plaintiff's Motion and seeks a grant its motion for summary judgment.

## ARGUMENT

I. **The New IEP That Plaintiff Seeks For Relief Has Already Been Completed.**

Plaintiff's Motion argues that FAPE was denied because the IEP was not timely reached. Motion pp. 7-8. And Plaintiff seeks an Order requiring DCPS to revise the IEP to include the findings and recommendations of the speech and language evaluation. Motion p. 1. However, the HOD makes clear that the November 2006 IEP meeting did in fact create an IEP, which did in fact take the speech and language evaluation recommendations into account. See administrative record pp. 4-5. The HOD specifically states "Petitioner's counsel offered no testimony or other evidence that DCPS failed to develop an appropriate IEP and failed to provide necessary services." See administrative record pp. 4-5.

Moreover, at hearing, counsel agreed that the IEP was appropriate, stating "Rock Creek was able to proceed with modifying the IEP, which they did base on a new speech and language evaluation." See administrative record transcript p. 107 lines 1-3. "They devised an appropriate IEP." See administrative record transcript p. 107 line 15. Further at hearing, Plaintiff's counsel submitted the IEP into evidence *to demonstrate its appropriateness,* in support of Plaintiff's claims for compensatory education. See administrative record transcript p. 100 line 7.

The Motion itself states that on November 14, 2006, an MDT meeting was convened to "review the April 3, 2006 speech and language evaluation and on the basis of that review determined that several revisions to E.H.'s IEP were warranted." See Motion p. 2. "The team revised E.H.'s speech and language goals and objectives to address the deficits identified in the April 3, 2007 evaluation." Id.

The prayer for relief here dramatizes the futility of Plaintiff's position since both the proposed Order and the Motion suggest that a new IEP should take the speech and language evaluation into account, while the HOD confirms that event already to have happened, and at hearing, Plaintiff acknowledged that fact.

Accordingly, since Plaintiff's apparent position ignores the content of the HOD and requests the ordering of events that have already occurred, there is no basis for overturning the HOD in that respect.

II.     **The Hearing Officer's Denial Of Compensatory Education Is Unchallenged here.**

Plaintiff's Motion appears to suggest that, because several months passed from the time the evaluation was complete until the time the evaluation was reviewed, compensatory education is automatically due. Motion pp. 7-8. However, consideration of compensatory education is only required where a finding of a denial of FAPE occurs.

Compensatory education is a remedy for past deficiencies in a student's educational program, a finding of a denial of FAPE "is a necessary prerequisite to a compensatory education award." Peak v. District of Columbia, Civil No. 05-1912, Memorandum Opinion p. 8-9, (D.D.C. 2007) citing Reid v. District of Columbia, 401 F.3d 516, 523 (D.C. Cir. 2005) ("[c]ompensatory education involves discretionary, prospective, injunctive relief crafted by a court to remedy what might be termed an

educational deficit created by an educational agency's failure over a given period of time to provide a FAPE to a student.")

In this case, the HOD specifically ordered that there was no denial of FAPE. See administrative record p. 4. And the Motion does not present any specific reasons why the stated basis for the Hearing Officer's conclusion in that regard were wrong, and should be overturned. Moreover, at hearing, Plaintiff's counsel had numerous opportunities to present Plaintiff's claims for compensatory education, yet failed to do so. First, Plaintiff gave an opening statement. See administrative record transcript p. 103 line 12-15. Counsel argued vehemently (and erroneously), "DCPS failed to attend [the November 24, 2006 MDT meeting at Rock Creek Academy]" (administrative record transcript p. 106-107), and that since DCPS failed to attend the MDT meeting, that Rock Creek Academy could not authorize compensatory education. See administrative record transcript p. 107 through 110. Here, Plaintiff did not raise any argument in support of a finding that the failure to review the evaluation resulted in harm that resulted in a denial of FAPE.[1]

In sum, the Motion essentially argues that because DCPS failed to timely review the speech and language evaluation, and did not revise the IEP to take the evaluation into account for more than seven months, the student was denied a FAPE. Based on that asserted failure, the plaintiff requests that DCPS be directed to "convene an MDT

---

[1] The Hearing Officer specifically stated that "Petitioner's counsel offered no proof at the hearing that such services were needed." See administrative record pp. 4-5. Nonetheless, the Hearing Officer invited the parties to brief him (within two days of the hearing) as to whether DCPS was required to attend the MDT meeting conducted by Rock Creek Academy (administrative record pp. 121-122). Ultimately, he concluded that since there was no right to compensatory education under the IDEIA without first finding a denial of FAPE, DCPS was not required to discuss compensatory education at that meeting. See administrative record footnote 5, p.4. More importantly, the Hearing Officer notes *the MDT team's decision to increase services must have factored in the student's needs at the time of the IEP, thus any claims for compensatory education (additional services) must be shown to be necessary.* See administrative transcript pp. 112-113.

meeting, and at that meeting . . . develop an appropriate compensatory education plan to compensate E.H. for DCPS' failure to review the April 3, 2006 speech and language evaluation, and to revise E.H.'s IEP accordingly, until November 14, 2006." Motion pp. 6-8.[2]

      The Party challenging the Hearing Officer's determination bears the burden of persuading the court that the Hearing Officer's determination was incorrect. Reid v. District of Columbia, 401 F. 3d 516, 521 (D.C. Cir. 2005) (citing Kerkam v. McKenzie, 862 F. 2d 884, 887 (D.C. Cir. 1989)). The Court employs a preponderance of the evidence standard in performing such judicial review. 20 U.S.C. 1415 (i)(2)(B)(iii); see also Arguenta v. District of Columbia, 335 F. Supp. 2d 408, 412 (D.D.C. 2005); Lenn v. Portland School Committee, 998 F.2d 1083 (1st Cir. 1993). Other than stating that the Hearing Officer did not find that a review of the evaluation was late, no specific

---

[2] At pages 6-7 of the Motion, Plaintiff argues that Plaintiff had claimed that DCPS had failed timely to review the April 3, 2006, evaluation, and to revise the student's IEP accordingly, and that the HOD impermissibly "contained no discussion of an issue identified in the due process complaint." On that asserted "failure to explain" basis, the Plaintiff requests the Court to "overturn the HOD." Motion, p. 7. That argument requires no extended response.

      In rendering a decision, an administrative hearing officer is not obliged to respond to each and every assertion presented by a complainant. In Iapalucci v. District of Columbia, 402 F. Supp. 2d 152, 165 (D.D.C. 2005), the Plaintiffs alleged that the Hearing Officer ignored arguments regarding the alleged substantive deficiencies in the student's IEP, and focused solely on whether the student was making educational progress. The Court found that the evidence in the record supported the Hearing Officer's findings and that the parents did not show by a preponderance of evidence that those findings were wrong. Id.

      Petway v. District of Columbia, 2005 U.S. LEXIS 36226 at 22-23, (D.D.C.), the sole authority cited by the Plaintiff, is not to the contrary. In Petway, the Court concluded that the administrative due process decision was not supported by the record. Thus, Plaintiff erroneously applies Petway to address an alleged failure of the Hearing Officer to address an issue. Further, at the time the Petway decision was rendered, the burden of proof was on DCPS to show that the IEP and placement were appropriate. In that case, DCPS failed to do so and the Court found that the Hearing Officer's decision was unsupported by the record. Id at 24-25.

      In this case, it is entirely clear what the Hearing Officer concluded, and on what basis. And nowhere does the Plaintiff contend that the Hearing Officer failed to consider any of Plaintiff's evidence or position. Instead, the Plaintiff simply disputes the manner in which the Hearing Officer disposed of her position(s). That the hearing officer failed to express his findings and conclusions in the manner the Plaintiff would have preferred is without consequence here.

challenges to the findings in the HOD have been made here.  Accordingly, there is no

proper basis for overturning the Hearing Officer's conclusion in that regard.

## CONCLUSION

The administrative record shows that Plaintiff's request for a new IEP has already

occurred. In that regard, Plaintiff's Motion should plainly be denied.   Plaintiff's request

for compensatory education should also be denied because Plaintiff has not shown that

the HOD's conclusion that a denial of FAPE occurred—a necessary requisite to a grant of

compensatory education—did not occur.

Respectfully submitted,

PETER NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

January 7, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                     )
**THERESA HART,**                          )
                                                     )
                                                     )
          **Plaintiff,**                         )
                                                     )
               **v.**                            )    **Civil No. 07-0755 (RJL)**
                                                     )
**DISTRICT OF COLUMBIA,**          )
                                                     )
          **Defendant.**                     )
_____)

## DEFENDANT'S STATEMENT OF MATERIAL FACTS IN DISPUTE

1.      Undisputed.

2.      Undisputed.

3.      Disputed that Plaintiff's characterization of the IEP fully describes the IEP

appropriately.  See Plaintiff's Motion Exhibit 1.

4.      Undisputed.

5.      Undisputed.

6.      Undisputed.

7.      Undisputed.

8.      Undisputed.

9.      Undisputed.

10.      Undisputed.

11.      Undisputed.

12.      Undisputed**.**

13.      Undisputed.

14.    Undisputed.

15.    Undisputed.

16.    Undisputed.

17.    Undisputed.

18.    Undisputed.

19.    Disputed that the motion for reconsideration was properly filed or served upon

the student hearing office. R 7-13.

20.    Undisputed.

Respectfully submitted,

PETER NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

January 7, 2008