THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERESA HART )<br>                Plaintiff, )<br>)<br>v.                         )<br>)<br>)<br>DISTRICT OF COLUMBIA    )<br>                Defendant. )<br>) | Civil Action No. 07-0755 RJL |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiff has filed a Motion for Summary Judgment in this case, and is filing a Reply along with this Opposition. In the interest of efficiency, the Plaintiff does not reiterate every statement from those filings, but asks that the arguments therein be accepted as incorporated herein by reference.

I. **THE HEARING OFFICER FAILED TO ADDRESS THE QUESTION OF THE FAPE DENIED E.H. AS A RESULT OF DCPS' FAILURE TO REVIEW HIS SPEECH AND LANGUAGE EVALUATION**

The Defendant mischaracterizes the January 25, 2007 HOD in stating that "the HOD specifically concluded that FAPE had not been denied the student in this case." Def. Mot. Summ. J. 6. While the HOD does contain specific discussions and specific determinations of some of the issues at the hearing, there is no discussion or determination whatsoever regarding the Plaintiff's claim that DCPS had denied FAPE by delaying the review of E.H.'s speech and language evaluation and the resulting revision of his IEP. Moreover, after the Plaintiff filed a Motion for Reconsideration of the HOD based entirely upon the argument that "the Hearing Officer appear[ed] not to have considered the Petitioner's preliminary claim, that DCPS violated [E.H.]'s rights simply

1

by failing to review the evaluation," the Hearing Officer never issued a responsive order. R. at 11.

The Hearing Officer stated, and the Defendant correctly notes, that a finding of a denial of FAPE is a necessary prerequisite to an award of compensatory education, but the Hearing Officer then failed to make a finding either way regarding the Plaintiff's claim that DCPS had failed timely to review the speech and language evaluation and to revise the IEP accordingly.

II. **THE DEFENDANT HAS OFFERED NO SUPPORT FOR THE HOD'S FAILURE TO FIND THAT E.H. WAS DENIED FAPE**

The Defendant requests summary judgment and contends that the January 25, 2007 Hearing Officer's Determination ("HOD") was "proper and supported by the record." Def. Mot. Summ. J. 6. However, the Defendant does not cite to anything in the record in support of the HOD.

In its response to the due process complaint, DCPS admitted its failure timely to review the evaluation. See R. at 82 (DCPS agrees that there was a failure to timely review the current evaluations[.]"). At the hearing, Plaintiff's counsel argued that E.H. had been denied FAPE as a result of that delay, because he had not received services later deemed necessary. Hr'g Tr. 13-14. At the time of the hearing, the Hearing Officer understood this claim: "I don't have any problem with you arguing that the IEP [existing before the review] is inappropriate as far as insufficiency of speech and language services." Hr'g Tr. 17:14-16.

The Defendant argues that "[n]owhere does Plaintiff explain the significance of those asserted failings." To the contrary, at the hearing, Plaintiff's counsel specifically stated: "[T]he point is that the hours were increased as a result of the review of the eval.

2

Therefore, the delay in the review of the eval caused the delay in the services." Hr'g Tr. 25-26.

The defendant further contends that the "record is devoid any [sic] evidence that the untimely review of the evaluation denied any substantive rights or resulted in any harm for the student." Def. Mot. Summ. J. 7. To the contrary, as the Plaintiff pointed out at hearing and in her Motion for Summary Judgment, the changes made to E.H.'s IEP as a result of the speech and language evaluation and the IEP team's notes from the meeting leave no doubt that E.H. had been denied necessary services during the time DCPS failed to review the evaluation. See Pl. Mot. Summ. J. 8-9, Exhibit 1; R. at 61, 68.

The Defendant represents that the Hearing Officer concluded that the MDT's decision to increase E.H.'s services precluded any need for compensatory education. See Def. Mot. Summ J. 8.[1] The italicized paraphrase in the Defendant's motion does not match the cited portion of the hearing transcript, which reads as follows:

> HEARING OFFICER:  . . . And if – for instance, hypothetically[,] [t]he child didn't get a year of speech and language services and the MDT knew that, they should take that into account when they are developing the child's speech and language services.

Hr'g Tr. 18-19.

The Defendant's attempt to treat this posited hypothetical as a specific determination of the facts of this case is unsupportable. Regardless, had the Hearing

---

[1] The Defendant's paraphrase is difficult to interpret. To the degree that the Defendant contends that an MDT is unable to make its own determination regarding a child's need for compensatory education services, that position is incorrect. See e.g. Blackman v. District of Columbia, 374 F. Supp. 2d 168, 171 (D.D.C. 2005) (ordering DCPS to convene MDT meeting "to determine the appropriate scope and amount of compensatory education to which R.B. is entitled."); Flores v. District of Columbia, 437 F. Supp. 2d 22, (D.D.C. 2006) (denying DCPS' motion to dismiss on mootness grounds when DCPS has not satisfied request for compensatory education); Blackman-Jones Consent Decree, p.42, 2006 WL 2456413 at *21 (D.D.C.) ("Defendants will ensure that all IEP teams are authorized to determine compensatory education awards and that all teams are made aware of and exercise that authority.")

Officer made such a determination, he would have done so in the absence of any record support.

Because no such determination was made, in the January 25, 2007 written decision or at the hearing, and because the Defendant is unable to show and unwilling to argue that E.H. was not denied FAPE during the seven months for which his educational programming lacked demonstrably necessary accommodations, the Defendant is not entitled to summary judgment of that claim.

## CONCLUSION

The Defendant has not shown that the January 25, 2007 HOD properly addressed or appropriately determined the Plaintiff's claim that E.H. was denied FAPE as a result of DCPS' failure timely to review his speech and language evaluation and to update his IEP accordingly. The Record is absent any evidence which would support a finding that E.H. was not denied FAPE as a result of DCPS' failure, and neither the Hearing Officer nor the Defendant identified any support for such a finding. Accordingly, the Defendant's Motion should be denied.

Respectfully submitted,

_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com

4

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THERESA HART | ) | |
|       Plaintiff, | ) | |
| | ) | Civil Action No. 07-0755 |
| v. | ) | RJL |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
|       Defendant. | ) | |

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE

The Plaintiff contends that there is no genuine dispute regarding the material facts of this case, and that she is entitled to summary judgment for the reasons presented in the Plaintiff's Motion for Summary Judgment. However, the Plaintiff presents this statement in the event that the Court determines any disputes noted herein to be material.

1. Undisputed.

2. Undisputed.

3. Disputed. Defendant's Statement #3 is a legal conclusion, not a statement of fact, and the Plaintiff disputes it. See R. at 15-16 (citing 20 U.S.C. § 1414(d)(1)(B)(iv), 34 C.F.R. § 300.321(a), 34 C.F.R. § 300.325(b)(2), D.C. Mun. Regs. Tit. 5, § 3003.1(d) (2006), and Roark v. District of Columbia, 2006 U.S. Dist. LEXIS 77633 at 25).

4. Undisputed.

5. Undisputed.

6. Undisputed.

7. Undisputed that the Plaintiff filed an administrative complaint which alleged DCPS' failures "to timely conduct current evaluations in all areas of suspected disability… to

1

timely review current evaluations in all areas of suspected disability . . . to timely develop an appropriate individualized education plan ("IEP") . . .[and] to timely provide all necessary special education and related services." R. at 44.

8. Undisputed.

9. Undisputed that, at hearing, Plaintiff's counsel referred to the November 14, 2006 IEP which had been disclosed on January 10, 2007. See R. at 40; Hr'g Tr. 6:6-7.

10. Undisputed that, at hearing, Plaintiff's counsel stated "Rock Creek was able to proceed with modifying the IEP, which they did, based on a new speech and language evaluation." Hr'g Tr. 13:1-3.

11. Undisputed that, at hearing, Plaintiff's counsel stated "They devised an appropriate IEP." Hr'g Tr. 13:15

12. Undisputed.

13. Undisputed.

14. Undisputed

15. Disputed. Defendant's Statement #3 is a legal conclusion, not a statement of fact. The Hearing Officer's failure to make a finding is the basis of the Plaintiff's Complaint. Compl. ¶¶ 19-30.

16. Disputed. The Defendant states that "[t]he alleged motion for reconsideration was not filed with the student hearing office" and cites to the copy of the motion in the administrative record. R. at 7.  The copy of the motion in the record appears to be the copy which was served on the Office of the General Counsel via facsimile, not the copy filed with the Student Hearing Office. The motion bears a transmission line at the top of each page which indicates that DCPS OGC received the motion at 4:56 p.m. on January

2

7, 2007, although OGC stamped it as received at 10:42 a.m. on January 8, 2007. R. at 7. (That time and date difference is irrelevant to timeliness regardless.) After inquiring with the Student Hearing Office, Plaintiff's counsel has been unable to determine why the Student Hearing Office put OGC's copy of the motion in the record, and why the Student Hearing Office had OGC's copy at all. Though the Defendant's Motion contains no argument regarding the significance of its statement of fact, the Plaintiff attaches fax confirmations for the filing and service of her motion for reconsideration. See Exhibit 1.

        Respectfully submitted,

        _____
        Douglas Tyrka, #467500
        Tyrka & Associates, LLC
        1726 Connecticut Ave. NW, Suite 400
        Washington, DC  20009
        (ph) (202) 265-4260
        (f) (202) 265-4264
        tyrka@tyrkalaw.com

```
        TRANSMISSION VERIFICATION REPORT

                                        TIME   : 02/07/2007 16:55
                                        NAME   : TYRKA & ASSOCIATES
                                        FAX    : 2022654264
                                        TEL    : 2022654260
                                        SER.#  : 000A6J693992


   DATE,TIME             02/07 16:54
   FAX NO./NAME          SHO
   DURATION              00:01:34
   PAGE(S)               07
   RESULT                OK
   MODE                  STANDARD
                         ECM
```

# TYRKA & ASSOCIATES, LLC

1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*      Hearing Officer Banks ~ SHO & Saurabh Gupta ~ OGC

*Fax Number:*

*From:*           Douglas Tyrka

*Regarding:*      E████, H██ (D.O.B. ██/95)

*# of pages:*     7

*Notes:*          Motion for Reconsideration

**Exhibit 1**
**07-755 (RJL)**

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 02/07/2007 16:58
                                    NAME  : TYRKA & ASSOCIATES
                                    FAX   : 2022654264
                                    TEL   : 2022654260
                                    SER.# : 000A6J693992
```

```
DATE,TIME            02/07  16:56
FAX NO./NAME         OGC2
DURATION             00:01:33
PAGE(S)              07
RESULT               OK
MODE                 STANDARD
                     ECM
```

# TYRKA & ASSOCIATES, LLC

1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Hearing Officer Banks ~ SHO & Saurabh Gupta ~ OGC |
| *Fax Number:* | |
| *From:* | Douglas Tyrka |
| *Regarding:* | E███ H██ (D.O.B. ██/95) |
| *# of pages:* | 7 |
| *Notes:* | Motion for Reconsideration |

**Exhibit 1**
**07-755 (RJL)**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THERESA HART<br>　　　　Plaintiff,<br><br>v.<br><br><br>DISTRICT OF COLUMBIA<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07-0755<br>RJL |

**PROPOSED ORDER**

Upon consideration of the Defendant's Motion for Summary Judgment and the Plaintiff's Memorandum in Opposition, it is hereby

ORDERED that the Defendant's Motion is DENIED.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Richard J. Leon
　　　　　　　　　　　　　　　　　　　　　United States District Judge