THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THERESA HART )<br>　　　　Plaintiff, )<br> )<br>v. )<br> )<br> )<br>DISTRICT OF COLUMBIA )<br>　　　　Defendant. )<br> ) | Civil Action No. 07-0755 RJL |

**PLAINTIFF'S MEMORANDUM IN REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.   THE PLAINTIFF HAS NOT REQUESTED A NEW IEP**

In the Plaintiff's Motion for summary judgment, Ms. Hart requested as relief, inter alia, that this Court order the Defendant to convene a multidisciplinary team ("MDT") meeting to develop a compensatory education plan for her son E.H. Pl. Mot. Summ J. 1; see Compl. 1, 5. Compensatory education, as the Defendant points out, is "a remedy for past deficiencies in a student's educational program[.]" See Def. Opp. 4, citing Reid v. District of Columbia, 401 F.3d 516, 523 (D.C. Cir. 2005).

The Plaintiff alleged in her Complaint and argued in her Motion that E.H.'s IEP was, for a period of several months, deficient in the absence of programming in accordance with the recommendations of his April 3, 2006 speech and language evaluation. For that reason, the Plaintiff requested that the Court order the Defendant to determine compensatory education to compensate E.H. "for the failure of the District of Columbia Public Schools timely to review the April 3, 2006 speech and language evaluation of E.H. and [the failure] to revise E.H.'s individualized education program in accordance with the findings and recommendations of that evaluation." Pl. Mot. Summ.

1

J. 1; see also Def. Opp. 6; Pl. Mot. Summ. J. Proposed Order ("[T]he Defendant shall immediately convene an MDT meeting, and at that meeting shall develop an appropriate compensatory education plan to compensate E.H. for DCPS' failure to review the April 3, 2006 speech and language evaluation, and to revise E.H.'s IEP accordingly, until November 14, 2006.").

In sum, the Plaintiff has not requested this Court to compel the creation of an updated IEP, but rather to order the Defendant to discuss compensatory education for DCPS' delay in implementing necessary changes to E.H.'s IEP. Accordingly, the parties appear to agree that the Court need not order the creation of a new IEP.

## II.   THE PLAINTIFF APPROPRIATELY CHALLENGED THE HEARING OFFICER'S FAILURE TO FIND THAT E.H. HAD BEEN DENIED FAPE

The Defendant claims in its Opposition, "The Hearing Officer's Denial Of Compensatory Education is Unchallenged here." Def. Opp. 4. That argument heading notwithstanding, later in the Opposition the Defendant acknowledges and describes the Plaintiff's challenge to the Hearing Officer's findings and decision as they relate to compensatory education:

> In sum, the Motion essentially argues that because DCPS failed to timely review the speech and language evaluation, and did not revise the IEP to take the evaluation into account for more than seven months, the student was denied a FAPE.

Def. Opp. 5.

This is a perfectly accurate characterization of the Plaintiff's argument. See Pl. Mot. Summ. J. 7-9. The Hearing Officer made no finding in either party's favor regarding this denial of FAPE, and the Plaintiff challenged the absence of such a determination. See R. at 3-5; Pl. Mot. Summ. J. 6-7.

2

The Defendant only addresses the Plaintiff's argument in a four-paragraph footnote. See Def. Opp. 6 note 2. There, the Defendant erroneously states that Petway v. District of Columbia, 2005 U.S. Dist. LEXIS 36226 (D.D.C.) is "the sole authority cited by the Plaintiff" in support of her challenge to the Hearing Officer's failure to determine whether or not E.H. had been denied FAPE by DCPS' extreme delay in reviewing his evaluation and incorporating its recommendations into his IEP. Id. To the contrary, the Plaintiff also cited to Reid v. District of Columbia, in which the Circuit Court which reiterated this Circuit's position that "a hearing decision without reasoned and specific findings deserves little deference." 401 F.3d at 521 (citation omitted). [1]

Iapalucci v. District of Columbia, the sole authority cited by the Defendant, is wholly inapposite. 402 F. Supp 2d 152 (D.D.C. 2005). The alleged failure of the hearing officer in that case was the failure to provide "a detailed explanation for why he gave more weight to Defendant's evidence than to Plaintiffs' evidence." 402 F. Supp. 2d at 170. The Defendant attempts to characterize the Plaintiff's allegation here as a "failure to explain," yet as the Defendant points out, the Hearing Officer failed, at the most basic level, to find that the IEP had been reviewed late, and made no finding regarding the IEP's appropriateness on that basis. Def. Opp. 6 note 2.[2]

---

[1] The Defendant goes further to say that Petway is inapposite because "[i]n Petway, the Court concluded that the administrative due process decision was not supported by the record." Def. Opp. 6 note 4. First, Petway very explicitly points out the Hearing Officer's failure to discuss issues raised at the hearing. See Petway, 2005 U.S. Dist. LEXIS 36226 at *21-22, 2005 WL 3276349 at *6 ("Notably, J.P.'s HOD contains no discussion or conclusions of law relating to the first four issues. . . .Despite his failure to analyze several of the issues in this case, the Hearing Officer concluded that J.P. was not entitled to reimbursement. . . .No further explanation was offered by the Hearing Officer.") Regardless, the Defendant has not cited to any portion of the Record which supports the failure of the Hearing Officer in this case to make a determination.

[2] "Other than stating that the Hearing Officer did not find that a review of the evaluation was late, no specific challenges to the findings in the HOD have been made here." Def. Opp 6-7.

**III.   DCPS HAS OFFERED NO ARGUMENT IN OPPOSITION TO THE PLAINTIFF'S CLAIM OF DENIAL OF FAPE**

The Defendant appears to rest on its erroneous claim that the Plaintiff has not challenged the Hearing Officer's findings.[3] The Defendant appears to take no issue with the Plaintiff's substantive argument, that the failure to review the speech and language evaluation resulted in a denial of FAPE, and that the Hearing Officer should have ruled accordingly.

**CONCLUSION**

Because the Plaintiff has appropriately challenged the Hearing Officer's error, and because, as illustrated by her administrative motion for reconsideration, the Hearing Officer should have found that DCPS' failure timely to review E.H.'s evaluation denied him FAPE, the Court should grant the Plaintiff summary judgment on her claims and order the relief requested.

Respectfully submitted,

_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com

---

[3] In the Defendant's Statement of Material Facts in Dispute, the Defendant disputes "that the motion for reconsideration was properly filed or served upon the Student Hearing Office" and cites to the copy of the motion in the administrative record. The copy of the motion in the record appears to be the copy that was served on the Office of the General Counsel via facsimile. The motion bears a transmission line at the top of each page which indicates that DCPS OGC received the motion at 4:56 p.m. on January 7, 2007, although OGC stamped it as received at 10:42 a.m. on January 8, 2007. R. at 7. After questioning the Student Hearing Officer staff, Plaintiff's counsel has been unable to determine why OGC's copy, and not the one filed with the Student Hearing Office, was included with the administrative record. While the Defendant's Opposition contains no argument regarding the filing of the motion for reconsideration, the Plaintiff attaches hereto fax confirmation pages establishing the filing and service of the motion. Exhibit 1.

4

```
TRANSMISSION VERIFICATION REPORT

                                   TIME  : 02/07/2007 16:55
                                   NAME  : TYRKA & ASSOCIATES
                                   FAX   : 2022654264
                                   TEL   : 2022654260
                                   SER.# : 000A6J693992


DATE,TIME              02/07 16:54
FAX NO./NAME           SHO
DURATION               00:01:34
PAGE(S)                07
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# TYRKA & ASSOCIATES, LLC

1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*      Hearing Officer Banks ~ SHO & Saurabh Gupta ~ OGC

*Fax Number:*

*From:*           Douglas Tyrka

*Regarding:*      E▊▊, H▊ (D.O.B. ▊▊/95)

*# of pages:*     7

*Notes:*          Motion for Reconsideration

**Exhibit 1**
**07-755 (RJL)**

```
            TRANSMISSION VERIFICATION REPORT

                                            TIME  : 02/07/2007 16:58
                                            NAME  : TYRKA & ASSOCIATES
                                            FAX   : 2022654264
                                            TEL   : 2022654260
                                            SER.# : 000A6J693992


    DATE,TIME                     02/07 16:56
    FAX NO./NAME                  OGC2
    DURATION                      00:01:33
    PAGE(S)                       07
    RESULT                        OK
    MODE                          STANDARD
                                  ECM
```

# TYRKA & ASSOCIATES, LLC

1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Hearing Officer Banks ~ SHO & Saurabh Gupta ~ OGC |
| *Fax Number:* | |
| *From:* | Douglas Tyrka |
| *Regarding:* | E███H██ (D.O.B. ██/95) |
| *# of pages:* | 7 |
| *Notes:* | Motion for Reconsideration |

**Exhibit 1**
**07-755 (RJL)**