UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**THERESA HART,**                   )
                                    )
                                    )
    **Plaintiff,**               )
                                    )
       **v.**                 )   Civil Action No. 07-0755 (RJL)
                                    )
**DISTRICT OF COLUMBIA,**           )
                                    )
    **Defendant.**              )
_____)

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    The Defendant, by counsel, replies herewith to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, filed herein January 22, 2008 ("Opposition").

**BACKGROUND**

    Plaintiff is requesting that this Court overturn the administrative Hearing Officer's decision ("HOD") denying Plaintiff's claims for compensatory education, and to Order the Defendant to convene a multidisciplinary team ("MDT") meeting to discuss and determine compensatory education for the student, E.H.  Plaintiff's Motion for Summary Judgment p. 2. As to Plaintiff's claims, the administrative Hearing Officer found, "Having failed to establish a denial of [a free appropriate public education ("FAPE") under the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA")], Petitioner is not entitled to compensatory education services."

1

Defendant's Motion for Summary Judgment requests this Court to affirm the HOD because the Hearing Officer's finding that Plaintiff failed to establish a denial of FAPE was supported by the administrative record. Motion p. 4. Plaintiff's Opposition argues that the Hearing Officer erred because he failed to address whether DCPS' late review of the evaluation resulted in a denial of FAPE for purposes of awarding compensatory education. Opposition p. 2.

Defendant submits that Plaintiff had the burden of proof at the administrative hearing, yet failed to present and develop her arguments. Thus, the hearing officer correctly found that Plaintiff failed to establish *any* denial of FAPE by DCPS because no harm was shown by any procedural violation of the IDEIA by DCPS, and the need for compensatory education services was not substantiated.

## ARGUMENT

### Plaintiff failed to show that DCPS denied E.H. FAPE—the prerequisite for an award of compensatory education.

In its Motion, Defendant alleged that the Hearing Officer correctly found that an award of compensatory education was properly denied because the Plaintiff had not shown that DCPS denied E.H. a FAPE—the prerequisite requirement for a Court to order such an award. Motion p. 7. The Plaintiff has not challenged Defendant's assertion that a finding of a denial of FAPE is necessary before compensatory education can be awarded. Plaintiff simply alleges that the Hearing Officer failed to address whether DCPS' untimely review of the evaluation resulted in a denial of FAPE because, following the review, DCPS increased Plaintiff's speech and language services in his IEP from ½ hour per week to 1 hour per week. Opposition p. 2.

2

Defendant's Motion (p. 7) argues that in order to find a denial of FAPE as a result of a procedural error, such as an untimely review of an evaluation, that error must result in harm, citing Lesesne ex rel. B.F. v. District of Columbia, 447 F.3d 828, 834 (D.C. Cir. 2006) (emphasis in original); see also Kingsmore ex rel. Lutz v. District of Columbia, 466 F.3d 118, 2006 WL 2792733, at * 1 (D.C. Cir. 2006).  Defendant's Motion (p. 8) cites the Hearing Officer's inquiry (at the administrative due process hearing) as to whether any harm resulted from the missed services.  During the exchange in the transcript, Plaintiff's counsel points to the IEP's increase in services as a showing of harm.  The Hearing Officer responds by noting that the increase in services does not automatically show harm, and any claims for compensatory education (additional services) must be shown to be necessary.  See administrative transcript pp. 112-113.

In Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, 200 (1982), the Supreme Court held that the FAPE requirement is satisfied when a child receives "some educational benefit."  In Reid v. District of Columbia, 401 F.3d 516, 523 (D.C. Cir. 2005), the Court awarded compensatory education for years of a denial of FAPE where Plaintiff had shown the damage to the student was quite severe: he could not keep up with his peers, and he had to "unlearn" a lot of counterproductive behavior.

Plaintiff failed to point to any declarations, reports, testimony or data, to show any harm suffered by Plaintiff because of the missed services, or that this student was not receiving an educational benefit from his IEP.  Thus, the Hearing Officer found that "Petitioner's counsel offered no testimony or other evidence that DCPS failed to develop

an appropriate IEP and failed to provide necessary services." See administrative record pp. 4-5.

Therefore, because the Plaintiff failed to present and develop any arguments at hearing that the untimely review of the evaluation resulted in any harm, the Hearing Officer's findings to the contrary in that regard were supported by the record.

Further, Plaintiff's argument that compensatory education is automatically warranted because DCPS failed to provide approximately 14 hours of missed services (one half hour per week for the 28 weeks that the evaluation was not reviewed), without showing any evidence that E.H. was harmed—or that compensatory education services are needed— is analogous to the "hour of hour for missed services" approach that was rejected in this Circuit in Reid, supra. In Reid, 401 F.3d 516, 525-526 (D.C. Cir. 2005), 810 hours of compensatory education (an hour for hour amount equal to the services denied) was rejected in favor of an award that fit the student's needs. See also Reid v. District of Columbia, at 524, (noting that awards compensating for past violations must be based on individualized assessments of the student).

Therefore, since there has been no showing of how any award of compensatory education would provide an educational benefit to compensate for any lost hours of services, Defendant's Motion for Summary Judgment should be granted and the Plaintiff's claims for relief in this case should be denied.

## **CONCLUSION**

The HOD should be affirmed in this case because the Hearing Officer's denial of the Plaintiff's requested relief was based on the administrative record in which Plaintiff failed to show that DCPS denied this student FAPE. Moreover, Plaintiff has not substantiated any need for such services.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001

February 4, 2008